Anne Sullivan Magnelli – ISB No. 9452
ANDERSON, JULIAN & HULL LLP
C. W. Moore Plaza
250 South Fifth Street, Suite 700
Post Office Box 7426
Boise, Idaho 83707-7426
Telephone:     (208) 344-5800
Facsimile:     (208) 344-5510
E-Mail:        amagnelli@ajhlaw.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AARON AND AMY HUMMEL, individually, and as natural legal guardians for the Minor Child Plaintiff, CH, <br><br> Plaintiffs, <br><br> vs. <br><br> BOISE SCHOOL DISTRICT; FAIRMONT JUNIOR HIGH, and CHRISTOPHER RYAN and DOES I-X, individuals and/or entities of unknown origin, <br><br> Defendants. | Case No.  1:23-CV-437-CWD <br><br> **DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR VIOLATIONS AND DEMAND FOR JURY TRIAL** |

COME NOW the above-entitled Defendants, BOISE SCHOOL DISTRICT, FAIRMONT JUNIOR HIGH, and CHRIS RYAN, by and through by and through their counsel of record, Anderson, Julian and Hull, LLP and hereby answer the Plaintiffs' Complaint and Demand for Jury Trial as follows:

**<u>FIRST DEFENSE</u>**

The Complaint fails to state a claim against these Defendants upon which relief can be granted.

## SECOND DEFENSE

These Defendants deny each and every allegation of the Complaint not herein expressly and specifically admitted.

## INTRODUCTION & NATURE OF THE CASE

1.      Regarding Paragraphs 1 and 2 of the Complaint, the allegations are denied and/or denied as phrased.

## JURISDICTION AND VENUE

2.      These Defendants admit Paragraphs 3-5 of the Complaint.

## PARTIES

3.      These Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 6 of the Complaint.

4.      These Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 7 of the Complaint.

5.      As it relates to the allegations of Paragraph 8 of the Complaint, it is admitted only that Crandell was a social worker on staff at Fairmont Jr. High School.  The remainder of the allegations of Paragraph 12 are denied and/or denied as phrased.

6.      These Defendants admit Paragraphs 9-10 of the Complaint.

7.      As it relates to the allegations of Paragraphs 11-12 of the Complaint, they appear to call for a legal conclusion or multiple legal conclusions, to which no answer is required or can be given.  To the extent the allegations of Paragraphs 11-12 of the Complaint are construed as calling for an Answer, the Defendants respond they are without sufficient knowledge to admit or deny, and/or the allegations are denied as phrased.

8.      The allegations of Paragraph 13 are denied and/or denied as phrased.

9.     The allegations of Paragraph 14 appear to call for a legal conclusion as to which no answer is required or can be given.  To the extent the allegations of Paragraph 14 of the Complaint are construed as calling for an Answer, the Defendants admit the same.

10.     As it relates to the allegations of Paragraph 15, Defendants admit only that Plaintiffs' claims are timely.  The remainder of the allegations of Paragraph 15 are denied as calling for a legal conclusion and/or denied as phrased and/or for lack of knowledge.

11.     As it relates to the allegations of Paragraph 16 of the Complaint, they appear to call for a legal conclusion, to which no answer is required.  To the extent the allegations of Paragraph 16 of the Complaint are construed as calling for an Answer, the Defendants admit the same.

12.     As it relates to the allegations of Paragraph 16 of the Complaint, they appear to call for a legal conclusion, to which no answer is required.  To the extent the allegations of Paragraph 17 of the Complaint are construed as calling for an Answer, the Defendants admit the same.

## FACTUAL ALLEGATIONS

13.     As it relates to the allegations of Paragraph 18 of the Complaint, it is admitted only that Crandell was a social worker on staff at Fairmont Jr. High School.  The remainder of the allegations of Paragraph 18 are denied and/or denied as phrased.

14.     These Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 19 of the Complaint.

15.     These Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 20 of the Complaint.

16.     As it relates to the allegations of Paragraph 21 of the Complaint, it is admitted

only that Crandell was a social worker on staff at Fairmont Jr. High School.  These Defendants are without sufficient knowledge to admit or deny the remainder of the allegations of Paragraph 21 of the Complaint.

17.     These Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 22 of the Complaint.

18.     These Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 23 of the Complaint.

19.     These Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 24 of the Complaint.

20.     As it relates to the allegations of Paragraph 25 of the Complaint, these Defendants deny that any described acts of Crandell were undertaken "as a social worker at Fairmont Junior High."  The acts described were not within the course or scope of Crandell's work "as a social worker at Fairmont Junior High."  These Defendants are without sufficient knowledge to admit or deny the remainder of the allegations of Paragraph 25 of the Complaint.

21.     As it relates to the allegations of Paragraph 26 of the Complaint, these Defendants deny that any described acts of Crandell were undertaken in his "position with the Boise School District and Fairmont Junior High."  The acts described were not within the course or scope of Crandell's "position with the Boise School District and Fairmont Junior High." These Defendants are without sufficient knowledge to admit or deny the remainder of the allegations of Paragraph 26 of the Complaint.

22.     Defendants deny the allegations of Paragraph 27 of the Complaint.

23.     These Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 28 of the Complaint and/or the allegations of Paragraph 28 of the

Complaint referring to alleged or purported statements of a non-party are not capable of being admitted or denied as phrased.

24.     These Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 29 of the Complaint and/or the allegations of Paragraph 29 of the Complaint referring to allegations of an unnamed individual in some other proceeding are not capable of being admitted or denied as phrased.

25.     The allegations of Paragraph 30 are denied and/or denied as phrased.

26.     These Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 31 of the Complaint and/or the allegations of Paragraph 31 of the Complaint referring to the purported complaint of an unnamed individual in some other forum are not capable of being admitted or denied as phrased.

27.     The allegations of Paragraph 32 are denied and/or denied as phrased.

28.     These Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 33 of the Complaint.

29.     These Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 34 of the Complaint and/or the allegations of Paragraph 34 of the Complaint are denied as phrased.

30.     These Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 35 of the Complaint as to what Plaintiffs learned or discovered; the Defendants deny as phrased the allegations of Paragraph 35 as it relates to Principal Ryan and any purported failure to report; and the Defendants state that the remainder of the allegations of Paragraph 35 call for a legal conclusion and therefore do not require a response and/or are not capable of being admitted or denied as phrased.

31.     With respect to the allegations contained in Paragraph 36 of the Complaint, the Defendants are without sufficient knowledge to admit or deny the allegations concerning what CH may have been called by unidentified individuals.   The remainder of the allegations of Paragraph 36 are denied and/or denied as phrased.

32.     The Defendants deny as phrased the allegations in the Plaintiffs' heading A. stating that "The Boise School District and Principal Ryan Were Responsible for The Safety of CH Including in Hiring and Employing Crandell."

33.     The allegations of Paragraph 37 are denied and/or denied as phrased.

34.     The Defendants deny as phrased the allegations in the Plaintiffs' heading B. stating that "The Boise School District, Fairmont Junior High and Principal Ryan Were Mandated to Document and Report Claims of Sexual Abuse/Sexual Grooming of CH."

35.     The allegations of Paragraph 38 are admitted as it relates to the Boise School District.   The School District is the legal entity; the school, Fairmont Junior High, is not a legal entity under the Tort Claims Act, I.C. § 6-901, *et. seq.*   The District is responsible for the school, but the school is not subject to suit here.   Thus, the allegations of Paragraph 38 are admitted as it relates to Fairmont Junior High.

36.     As it relates to the allegations of Paragraph 39 of the Complaint, it is admitted that Defendant Ryan, and CH's teachers, were subject to the mandatory reporting requirements contained in I.C. § 6-1605.   The remainder of the allegations of Paragraph 39 are denied as phrased.

37.     The allegations of Paragraphs 40 and 41 are denied and/or denied as phrased.

38.     The allegations of Paragraph 42 of the Complaint referring to a complaint purportedly made by an unnamed individual in some other forum, are not capable of being

admitted or denied as phrased.  To the extent the allegations can be read to require an answer, Defendants deny and/or deny as phrased the allegations of Paragraph 42.

39.     The allegations of Paragraphs 43 are denied and/or denied as phrased.

40.     These Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 44 of the Complaint.

41.     With respect to the allegations contained in Paragraph 45 of the Complaint, it is admitted that Christopher Ryan has been charged with a crime and a separate criminal proceeding is ongoing.  The remainder of the allegations of Paragraph 45 are denied for lack of knowledge and/or denied as phrased.

42.     With respect to the allegations contained in Paragraph 46 of the Complaint, the Defendants are without sufficient knowledge to admit or deny the allegations concerning what CH may have been called by unidentified individuals.  The remainder of the allegations of Paragraph 46 are denied and/or denied as phrased.

43.     The allegations of Paragraphs 47 and 48 are denied and/or denied as phrased.

## FIRST CAUSE OF ACTION

*Violation of a substantive due process right* – **State Created Danger, 42 U.S.C. § 1983**
(***All Defendants***)

44.     With respect to the allegations contained in Paragraph 49 of the Complaint, Defendants reassert and reincorporate their previous denials and defenses, and incorporate them herein.

45.     With respect to the allegations contained in Paragraphs 50-56 of the Complaint, they are denied.

## SECOND CAUSE OF ACTION

***Violation of substantive due process* – Supervisory Liability, 42 U.S.C. § 1983**
*(Defendant Ryan)*

46.     With respect to the allegations contained in Paragraph 57 of the Complaint, Defendants reassert and reincorporate their previous denials and defenses, and incorporate them herein.

47.     With respect to the allegations contained in Paragraphs 58-63 (including subparts) of the Complaint, they are denied.

## THIRD CAUSE OF ACTION

***Violation of a substantive due process right* – Monell Claim, 42 U.S.C. § 1983**
*(All Defendants)*

48.     With respect to the allegations contained in Paragraph 64 of the Complaint, Defendants reassert and reincorporate their previous denials and defenses, and incorporate them herein.

49.     With respect to the allegations contained in Paragraphs 65-73 (including subparts) of the Complaint, they are denied.

## FOURTH CAUSE OF ACTION

***Title IX*, 20 U.S.C. § 1681, *et. seq.***
*(All Defendants)*

50.     With respect to the allegations contained in Paragraph 74 of the Complaint, Defendants reassert and reincorporate their previous denials and defenses, and incorporate them herein.

51.     With respect to the allegations contained in Paragraphs 75-79 of the Complaint, they are denied.

**COUNT ONE [sic]:** *Deliberate Indifference to Sexual Discrimination, Harassment,*
*and Abuse Against the District Defendant and Board*

52.     With respect to the allegations contained in Paragraph 80 of the Complaint,
Defendants reassert and reincorporate their previous denials and defenses, and incorporate them
herein.

53.     With respect to the allegations contained in Paragraphs 81-86 of the Complaint,
they are denied.

**COUNT TWO:** *Failure to Take Remedial or Corrective Action Against Crandell*

54.     With respect to the allegations contained in Paragraph 87 of the Complaint,
Defendants reassert and reincorporate their previous denials and defenses, and incorporate them
herein.

55.     With respect to the allegations contained in Paragraphs 88-102 of the Complaint,
they are denied.

## FIFTH CAUSE OF ACTION

*Direct Negligence*
*(Defendants Boise School District and Fairmont Junior High)*

56.     With respect to the allegations contained in Paragraph 103 of the Complaint,
Defendants reassert and reincorporate their previous denials and defenses, and incorporate them
herein.

57.     With respect to the allegations contained in Paragraphs 104-114 of the Complaint
(including subparts), they are denied.

## SIXTH CAUSE OF ACTION

*Derivative Negligence*

58.     With respect to the allegations contained in Paragraph 115 of the Complaint,

Defendants reassert and reincorporate their previous denials and defenses, and incorporate them herein.

59.     With respect to the allegations contained in Paragraphs 116-121 of the Complaint, they are denied.

## SEVENTH CAUSE OF ACTION

### *Negligent Misrepresentation*
### *(All Defendants)*

60.     With respect to the allegations contained in Paragraph 122 of the Complaint, Defendants reassert and reincorporate their previous denials and defenses, and incorporate them herein.

61.     With respect to the allegations contained in Paragraphs 123-125 of the Complaint, they are denied.

## EIGHTH CAUSE OF ACTION

### *Negligent Infliction of Emotional Distress*
### *(All Defendants as to Plaintiffs)*

62.     With respect to the allegations contained in Paragraph 126 of the Complaint, Defendants reassert and reincorporate their previous denials and defenses, and incorporate them herein.

63.     With respect to the allegations contained in Paragraphs 127-131 of the Complaint, they are denied.

## NINTH CAUSE OF ACTION

### *Intentional Infliction of Emotional Distress*
### *(All Defendants as to both Plaintiffs)*

64.     With respect to the allegations contained in Paragraph 132 of the Complaint, Defendants reassert and reincorporate their previous denials and defenses, and incorporate them herein.

65.     With respect to the allegations contained in Paragraphs 133-137 of the Complaint, they are denied.

## PUNITIVE DAMAGES

66.     With respect to the Plaintiffs' reservation of rights to seek leave to add a claim for punitive damages, it is denied that Plaintiffs are entitled to punitive damages.  Defendants further state that Plaintiffs will be required to satisfy the requirements of I.C. § 6-1604 in order to establish any right to pursue punitive damages in this matter.

## DAMAGES

67.     These Defendants deny that they engaged in acts which were negligent, reckless, careless, willful, or unlawful, or engaged in misconduct.

68.     These Defendants further deny Plaintiffs are entitled to the damages or other compensation as to which they claim entitlement in Subparagraphs 1-8 of the Prayer for Relief portion of their Complaint.

## CLAIM FOR ATTORNEY'S FEES AND PRAYER FOR RELIEF

69.     With respect to the allegations contained in the claim for attorney's fees paragraph of the Complaint, these Defendants deny the allegations and Plaintiffs' entitlement to fees or costs.  These Defendants also deny any and all allegations contained in the Plaintiffs' Prayer for Relief.

## AFFIRMATIVE DEFENSES

### THIRD DEFENSE

Plaintiffs may have been guilty of negligent and careless misconduct at the time of and in connection with the matters and damages alleged in the Complaint, which misconduct on their parts may have proximately caused and contributed to said events and resulting damages, if any.

### FOURTH DEFENSE

Plaintiffs' losses or injuries, if any, were caused by the intervening acts or omissions of other third persons, for whom these Defendants can bear no responsibility.

### FIFTH DEFENSE

The allegations contained in the Plaintiffs' Complaint do not rise to the level of the deprivation of a federally protected right.

### SIXTH DEFENSE

Some or all of these Defendants are entitled to qualified immunity from liability because the acts or omissions complained of, if any, were done by these Defendants in good faith, with honest and reasonable belief such actions were necessary and constitutionally proper.

### SEVENTH DEFENSE

To the extent Plaintiffs are asserting state law claims against these Defendants, such causes of action arise out of and stem from activities for which these Defendants are immune, in whole or in part, from liability by virtue of Title VI, Chapter IX, Idaho Code and, therefore, Plaintiffs' causes of action in damages seeking recovery under state law are barred in whole or in part by virtue of the provisions of Title VI, Chapter IX Idaho Code.

## EIGHTH DEFENSE

Plaintiffs' state and federal claims are barred, in whole or in part, by their failure to avail themselves of the available administrative remedies and, alternatively, to exhaust their available administrative remedies.

## NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel and latches.

## TENTH DEFENSE

Some or all of Plaintiffs' claims may be barred by the applicable statutes of limitations.

## ELEVENTH DEFENSE

Plaintiffs may have failed to mitigate their damages, if any.

## TWELFTH DEFENSE

These Defendants assert the absence of a proximate, causal relationship between these Defendants' conduct and Plaintiffs' alleged damages.

## THIRTEENTH DEFENSE

These Defendants fully performed any and all duties owed to Plaintiffs under applicable law.  Plaintiffs are therefore barred from asserting any cause of action against these Defendants

## FOURTEENTH DEFENSE

These Defendants allege that if any of their agents or employees acted negligently, intentionally, willfully, or otherwise tortiously, unlawfully or wrongfully conducted themselves, to cause damage to Plaintiffs, any such action was beyond the scope of such agent's or agents' employment and was without advance knowledge, authorization, consent or ratification of these Defendants.

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR VIOLATIONS AND DEMAND FOR JURY TRIAL - 13**

## FIFTEENTH DEFENSE

Plaintiffs' Complaint and each purported cause of action alleged therein fails to state facts sufficient to allow recovery of exemplary or punitive damages against these Defendants.

## SIXTEENTH DEFENSE

To the extent that Plaintiffs' claims against these Defendants are found to be frivolous, vexatious, unreasonable, and/or to have been filed in bad faith, they would justify an award of attorney's fees and costs against Plaintiffs in favor of these Defendants.

## SEVENTEENTH DEFENSE

These Defendants assert that to the extent Plaintiffs suffered any emotional distress or physical injury (and these Defendants do not admit that Plaintiffs suffered such distress or injury), their emotional distress and alleged physical injury were proximately caused by factors other than the actions of these Defendants, or anyone acting on these Defendants' behalf.

## EIGHTEENTH DEFENSE

These Defendants assert that to the extent Plaintiffs suffered any emotional distress or physical injury (and these Defendants do not admit that Plaintiffs suffered such distress or injury), their emotional distress and alleged physical injury were not foreseeable as a matter of law.

## NINETEENTH DEFENSE

These Defendants did not cause harm to Plaintiffs.

## TWENTIETH DEFENSE

These Defendants did not engage in any affirmative conduct to place Plaintiffs in danger.

## TWENTY-FIRST DEFENSE

There was no unreasonable risk, and these Defendants did not intend to expose Plaintiffs to an unreasonable risk.

## TWENTY-SECOND DEFENSE

The claims and damages set forth in the Plaintiffs' Complaint may, as to some of the claims, be barred by the doctrine of unclean hands.

## TWENTY-THIRD DEFENSE

These Defendants are not liable in litigation pursuant to Title 42 U.S.C. § 1983, for any injury caused by the act or omission of another person under the theory of *respondeat superior*.

## TWENTY-FOURTH DEFENSE

Some or all of the acts or omissions complained of by the Plaintiffs against these Defendants did not arise as a result of, nor was there any custom, policy, procedure, agreement, or understanding which deprived the Plaintiffs of any civil rights.

## TWENTY-FIFTH DEFENSE

These Defendants cannot be liable in litigation pursuant to Title 42 U.S.C. § 1983, for any claims Plaintiffs are making on behalf of third parties.

## TWENTY-SIXTH DEFENSE

These Defendants reserve the right to file and assert any claims they may have for common law or statutory subrogation, contribution or indemnity against any party or non-party.

## TWENTY-SEVENTH DEFENSE

To the extent Plaintiffs have been compensated by collateral sources, any award should be reduced by the same as provided in Idaho Code § 6-1606.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claim for damages is limited to the extent provided for by Idaho Code §§ 6-1603, 6-1604 and 6-1606.

## TWENTY-NINTH DEFENSE

These Defendants state that Defendant Fairmont Junior High is not properly named as a Defendant because the school, Fairmont Junior High, is not a legal entity under the Tort Claims Act, I.C. § 6-901, *et. seq.*

## THIRTIETH DEFENSE

These Defendants state that Defendant Fairmont Junior High is not properly named as a Defendant because the school, Fairmont Junior High, cannot be sued as a standalone entity, per I.C. § 33-301.

## THIRTY-FIRST DEFENSE

These Defendants reserve the right to identify additional defenses as they become known through discovery.

## DEMAND FOR JURY TRIAL

These Defendants demand a jury trial as to all issues.

## ATTORNEY FEES

These Defendants have been required to retain attorneys in order to defend this action and are entitled to recover reasonable attorney fees pursuant to state and federal laws and applicable Rules of Civil Procedure.

WHEREFORE, these Defendants pray for judgment against Plaintiffs as follows:

1. That Plaintiffs' Complaint be dismissed with prejudice and that Plaintiffs take nothing thereunder.

2.      That these Defendants be awarded their costs, including reasonable attorney fees pursuant to the applicable Idaho and Federal Rules of Civil Procedure and statutory and/or code sections.

3.      That judgment be entered in favor of these Defendants on all claims for relief.

4.      For such other and further relief as the Court deems just and equitable under the circumstances.

DATED this 19th day of December, 2023.

ANDERSON, JULIAN & HULL LLP


By:  */s/ Anne S. Magnelli*
Anne Sullivan Magnelli, Of the Firm
Attorneys for Defendants


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of December, 2023, I served a true and correct copy of the foregoing **DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR VIOLATIONS AND DEMAND FOR JURY TRIAL** by delivering the same to each of the following attorneys of record, by the method indicated below, addressed as follows:

| | | |
|---|---|---|
| Eric S. Rossman | | |
| ROSSMAN LAW GROUP | [ ] | U.S. Mail, postage prepaid |
| 350 N. 9th St., Ste. 500 | [ ] | Hand-Delivered |
| Boise, Idaho 83702 | [ ] | Overnight Mail |
| T: (208) 331-2030 | [ ] | Facsimile |
| E: erossman@rossmanlaw.com | [ ] | E-mail |
| *Attorneys for Plaintiffs* | [X] | ECF |
| | | |
| Andrea J. Rosholt | [ ] | U.S. Mail, postage prepaid |
| ROSHOLT LAW, PLLC | [ ] | Hand-Delivered |
| 210 Murray St., Suite B | [ ] | Overnight Mail |
| Garden City, Idaho 83714 | [ ] | Facsimile |
| T: (208) 901-5198 | [ ] | E-mail |
| E: andrea@roshltlaw.com | [X] | ECF |
| *Attorneys for Plaintiffs* | | |


*/s/ Anne S. Magnelli*
Anne S. Magnelli