Anne Sullivan Magnelli – ISB No. 9452
Zachary H. Jones – ISB No. 10383
ANDERSON, JULIAN & HULL LLP
C. W. Moore Plaza
250 South Fifth Street, Suite 700
Post Office Box 7426
Boise, Idaho 83707-7426
Telephone:     (208) 344-5800
Facsimile:      (208) 344-5510
E-Mail:         amagnelli@ajhlaw.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AARON AND AMY HUMMEL, individually, and as natural legal guardians for the Minor Child Plaintiff, CH, | Case No.  1:23-CV-437-BLW |
| Plaintiffs, | **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO CONSOLIDATE** |
| vs. | |
| BOISE SCHOOL DISTRICT; FAIRMONT JUNIOR HIGH, and CHRISTOPHER RYAN and DOES I-X, individuals and/or entities of unknown origin, | |
| Defendants. | |

COMES NOW the above-entitled Defendants, BOISE SCHOOL DISTRICT, FAIRMONT JUNIOR HIGH, and CHRIS RYAN (collectively, "these Defendants"), by and through by and through their counsel of record, Anderson, Julian and Hull, LLP and, pursuant to F.R.C.P. 42(a), hereby submit this Memorandum in Support of Defendants' Motion to Consolidate:

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO CONSOLIDATE - 1**

## I.      INTRODUCTION

In two other cases, Plaintiffs Michael Champine and Meg Champine have filed separate actions against Defendants Chris Ryan, Boise School District, and (in Meg's case) also against Fairmont Junior High.  In both of these actions, Michael and Meg assert their own causes of action and—importantly—each separately purport to bring claims on behalf of their shared daughter, I.J.C., for the same underlying alleged events.

In this case, Plaintiffs Aaron and Amy Hummel have filed an action against Defendants Chris Ryan, Fairmont Junior High, and Boise School District.  The Hummels' case involves a similar alleged factual scenario to the allegations in the cases filed by Michael and Meg.  The Hummels assert the claims personally and on behalf of their daughter, C.H.  To economize the parties' resources, the Hummels' case should be consolidated with the cases brought by Michael and Meg, but only for purposes of discovery.  For these reasons, the Court should grant Defendants' Motion to Consolidate.[1]

## II.      FACTUAL BACKGROUND

The Complaints by Michael, Meg, and the Hummels all contain a common theme—that a minor child was sexually abused by Scott Crandell (a social worker and guidance counselor at Fairmont Junior High) and that Defendant Ryan (the principal) allegedly failed to take appropriate action.[2]  Each of the Complaints is addressed below.

---

[1]    Defendants are filing similar motions to consolidate in the cases brought by Meg and by Michael.

[2]    By discussing the allegations contained in the various Complaints, Defendants are not admitting the truth of those allegations.  The allegations are discussed merely to show why consolidation is needed.

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO CONSOLIDATE - 2**

A.    **Michael's Complaint (Docket No. 1:23-CV-00338-DCN)**

According to Michael's Complaint, he is the father of I.J.C., who was a student at Fairmont Junior High while she was "between the ages of 13 and 14." (Decl. Anne Sullivan Magnelli Supp. Defs.' Mot. Consolidate ["Decl. Counsel"] Ex. A, at ¶¶ 6, 17.) Scott Crandell was a social worker at that school and allegedly "provided 'counseling' services" for I.J.C. (*Id.* Ex. A, at ¶¶ 11, 18.) Michael alleges that "I.J.C. first met Crandell when she was in the 7th grade." (*Id.* Ex. A, at ¶ 18.) Michael alleges that Crandell engaged in sexually abusive conduct towards I.J.C., including kissing her, sending her "two photos of his penis," and I.J.C. sending Crandell "a full-body nude image of herself." (*Id.* Ex. A, at ¶¶ 29, 36.)

Michael further alleges that Defendant Ryan, the principal of Fairmont Junior High, (*id.* Ex. A, at ¶ 7), received reports of concerning behavior by Crandell with I.J.C. from multiple people, (*id.* Ex. A, at ¶¶ 19–20, 22, 24, 37, 39.) Michael alleges that Defendant Ryan (and others at Fairmont Junior High) failed to take appropriate action based on these reports. (*Id.* Ex. A, at ¶¶ 19, 21, 23, 27, 39, 45.) Michael alleges that, on November 11, 2022, he again brought up his concerns to Defendant Ryan, who then summoned Crandell to his office. (*Id.* Ex. A, at ¶ 34.) Michael alleges he "confronted Crandell about his continued, frequent contact with I.J.C. and told Crandell to cease any and all further contact with his daughter." (*Id.*) Michael alleges that Defendant Ryan did not report Crandell's behavior as required by law and "did not discipline Crandell in any way." (*Id.* Ex. A, at ¶ 35.)

It is alleged that, on December 12, 2022, the Boise Police Department "received an anonymous tip that Crandell was having an inappropriate and possible sexual relationship with I.J.C." (*Id.* Ex. A, at ¶ 41.) Defendant Ryan "told Crandell to stay away from I.J.C. during the

investigation." (*Id.* Ex. A, at ¶ 43.)  Crandell committed suicide five days later on December 17, 2022.  (*Id.* Ex. A, at ¶ 51.)

Michael further alleges that Phil Hiller, a teacher at Fairmont Junior High, also sexually abused I.J.C.  (*Id.* Ex. A, at ¶ 30–31.)  It is alleged that Defendant Ryan (and others) were aware of this alleged abuse but failed to report these concerns as required by law.  (*Id.* Ex. A, at ¶ 31.) Finally, Michael alleges that Crandell abused other students and that Defendant Ryan was aware of this abuse but failed to take appropriate action.  (*Id.* Ex. A, at ¶ 54.)

Michael's Complaint alleges the following causes of action: (1) Violation of a substantive due process right under 42 U.S.C. § 1983 for Defendants Ryan and Boise School District allegedly failing to prevent the abuse to I.J.C., (2) a Monell claim under 42 U.S.C. § 1983 against Defendant Boise School District for allegedly acting with deliberate indifference regarding Crandell's abuse of I.J.C., (3) negligence per se against Defendant Ryan for allegedly failing to report the sexual abuse, (4) negligence/recklessness against Boise School District for allegedly failing to protect the morals and health of I.J.C., (5) child abuse against Defendant Ryan under I.C. § 6-1701 for allegedly allowing I.J.C. to be abused, (6) child abuse against Defendant Boise School District under I.C. § 6-1701 for Crandell's acts under a form of respondeat superior, (7) a negligent infliction of emotional distress ("NIED") claim by I.J.C. against Defendants Ryan and Boise School District, (8) a NIED claim by Michael, (9) an intentional infliction of emotional distress ("IIED") claim by I.J.C., and (10) and an IIED claim by Michael.  (*Id.* Ex. A, at ¶¶ 56– 169.)  Notably, the claims brought by Michael personally stem from the same set of alleged facts forming the basis for the claims that Michael brings on behalf of I.J.C.

**B.      Meg's Complaint (Docket No. 1:23-CV-00436-BLW)**

The allegations in Meg's Complaint mirror those of Michael's Complaint, as they concern the same minor child, I.J.C., and the alleged sexual abuse she purportedly suffered at the hands of Crandell.  Meg alleges that she is the mother of I.J.C.  (*Id.* Ex. B, at ¶¶ 6–7, 19.) "Towards the end of IJC's seventh grade year," she "started exhibiting seizures and was later diagnosed with epilepsy," leading to a "particularly tough year at Fairmont Junior High."  (*Id.* Ex. B, at ¶ 20.)  Meg alleges that "Scott Crandell" was "a social worker and guidance counselor at Fairmont Junior High" and that he "offered to assist with IJC."  (*Id.* Ex. B, at ¶¶ 18, 21.)  Meg alleges that I.J.C. was thirteen years old at this time.  (*Id.* Ex. B, at ¶ 23.)  Meg further alleges that Crandell "engaged in predatory sexually abusive acts towards students, including IJC."  (*Id.* Ex. B, at ¶ 24.)

Meg alleges that "Michael Champine (natural father of IJC)" reported some of Crandell's concerning behavior to Defendant Ryan.  (*Id.* Ex. B, at ¶ 27.)  According to Meg's Complaint, "there were several reports to [Defendant] Ryan from educators regarding concerns that should have triggered a report and investigation into the matter," but Defendant Ryan allegedly failed to take appropriate action.  (*Id.* Ex. B, at ¶¶ 34, 39.)  Meg alleges that, "in December of 2022[,] an individual had made a complaint to Boise City Police about Mr. Crandell's inappropriate behavior with IJC on school property" and that police "began an investigation."  (*Id.* Ex. B, at ¶ 30.)  After Crandell was "confronted by the Boise City Police with text messages providing his predatory behavior and sexual abuse of IJC, Crandell committed suicide at The Grove Hotel on December 17, 2022."  (*Id.* Ex. B, at ¶ 32.)

Meg's Complaint alleges the following causes of action: (1) Violation of a substantive due process right under 42 U.S.C. § 1983 based on Defendants' allegedly deliberate indifference

regarding information about Crandell's abuse of I.J.C., (2) supervisory liability under 42 U.S.C. § 1983 against Defendant Ryan for failing to take appropriate steps regarding Crandell, (3) a Monell claim under 42 U.S.C. § 1983, (4) a claim under Title IX, (5) direct negligence against Defendants Boise School District and Fairmont Junior High, (6) derivative negligence for Crandell's and Defendant Ryan's alleged actions, (7) negligent misrepresentation by allegedly failing to document and inform others about Crandell's alleged abuse of I.J.C., (8) a NIED claim by both Meg and I.J.C., and (9) an IIED claim by both Meg and I.J.C. (*Id.* Ex. B, at ¶¶ 48–136.) Again, Meg's personal claims are predicated upon the same alleged events underlying the claims that Meg brought on behalf of I.J.C.

**C.     The Hummels' Complaint (Docket No. 1:23-CV-00437-BLW)**

The Hummel's Complaint concerns a different child, but with a similar factual scenario. Aaron and Amy Hummel are the parents of C.H., who is "a minor born in 2006." (*Id.* Ex. C, at ¶¶ 6–7.)   The Hummels allege that "Scott Crandell" was "a social worker and guidance counselor at Fairmont Junior High." (*Id.* Ex. C, at ¶ 18.)  When C.H. was in eighth grade, she began meeting with Crandell. (*Id.* Ex. C, at ¶ 20.)  The Hummels allege that Crandell would pull C.H. "out of class for 'nap time' in his office," that "teachers and substitute teachers knew this was going on," but "no one ever informed the Hummels concerning this behavior and never contacted the police or reported the conduct." (*Id.* Ex. C, at ¶ 21.)  According to the Hummels, Defendant Ryan received "reports from teachers and concerned parents regarding Crandell's relationship with minor girls, including [C.H.]," but Defendant Ryan allegedly did not take appropriate steps. (*Id.* Ex. C, at 40.)  The Hummels allege that Crandell "engaged in predatory sexually abusive acts towards students, including CH, which acts included grooming and solicitation with the intent to sexually abuse CH and others." (*Id.* Ex. C, at 25.)

The Hummels allege that "another parent[3] at Fairmont" later "personally appeared at Fairmont Junior High on November 11, 2022, and asked to meet with [Defendant] Ryan and Crandell regarding the text messages exchanges with a separate student." (*Id.* Ex. C, at ¶¶ 28–29.)  They allege that a complaint was made in December of 2022 "to Boise City Police about Crandell's inappropriate behavior with another student," after which there was an investigation undertaken. (*Id.* Ex. C, at ¶ 31.)  After the Boise City Police confronted Crandell "with text messages proving his predatory behavior and sexual abuse of another minor student, Crandell committed suicide at The Grove Hotel on December 17, 2022." (*Id.* Ex. C, at ¶ 33.)

The Hummels' Complaint alleges the following causes of action: (1) Violation of a substantive due process right under 42 U.S.C. § 1983 based on Defendants' allegedly deliberate indifference regarding Crandell and C.H., (2) supervisory liability under 42 U.S.C. § 1983 against Defendant Ryan for failing to take appropriate steps regarding Crandell, (3) a Monell claim under 42 U.S.C. § 1983, (4) a Title IX claim, (5) a direct negligence against Defendants Boise School District and Fairmont Junior High, (6) derivative negligence for Crandell's and Defendant Ryan's alleged actions, (7) negligent misrepresentation by allegedly failing to document and inform others about Crandell's alleged "grooming and sexual harassment" of C.H., (8) a NIED claim by both Hummels and by C.H., and (9) an IIED claim by both Hummels and by C.H.  (*Id.* Ex. C, at ¶¶ 49–137.)  Once again, the Hummels' personal claims are predicated upon the same alleged events forming the basis for the claims brought on C.H.'s behalf.

---

3    As discussed below, this other "parent" referenced in the Hummels' Complaint is most likely Michael Champine, given the similarity of the allegations.

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO CONSOLIDATE - 7**

## III.    LEGAL STANDARDS

The Court may consolidate one or more actions if the "actions before the court involve a common question of law or fact."   F.R.C.P. 42(a).   The Court also has, in addition to consolidating, the options to "join [the actions] for hearing or trial any or all matters at issue in the actions" or to "issue any other orders to avoid unnecessary cost or delay."  *Id.*  The Court has "broad discretion under this rule to consolidate cases pending in the same district."  *Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).   In deciding whether to grant a motion under F.R.C.P. 42(a), the Court should "weigh the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause."  *Pizzuto v. Tewalt*, 2024 WL 1834473, at *2 (D. Idaho Apr. 26, 2024) (quoting *Huene v. United States*, 743 F.2d 703, 704 (9th Cir.), *on reh'g,* 753 F.2d 1081 (9th Cir. 1984)) (internal brackets omitted).  For a motion made under F.R.C.P. 42(a), the moving party "bears the burden of establishing that the judicial economy and convenience benefits of consolidation outweigh any prejudice."   *Id.* (quoting *Idaho Wool Growers Assoc. v. Schafer*, 2009 WL 73738, at *1 (D. Idaho Jan. 8, 2009)).

## IV.    ARGUMENT

The allegations in the Hummels' case concern a very similar factual scenario to the allegations in Michael's and Meg's Complaints and, in fact, the Hummels appear to refer to Michael's and Meg's allegations.  As such, consolidating the Hummels' case with Michael's and Meg's cases for purposes of discovery only would also conserve the parties' resources.[4]  For these reasons, the Court should grant Defendants' Motion to Consolidate.

---

[4]    In Michael's and Meg's cases, Defendants are moving to consolidate those cases for all purposes, not just discovery.

**A.    The Hummels' Case Should Be Consolidated with Michael's and Meg's Cases for Purposes of Discovery Only.**

Although the Hummels' case concerns a different minor child, there is much overlap between their Complaint and the Complaints by Michael and Meg.  To economize the parties' resources, the Court should consolidate the Hummels' case with the cases brought by Michael and Meg for purposes of discovery only.

Importantly, F.R.C.P. 42(a) provides flexibility in how cases can be consolidated. Specifically, one option is that the Court may "issue any other orders to avoid unnecessary cost or delay."  F.R.C.P. 42(a)(3).  This flexibility means trial courts "may consolidate cases for limited purposes, including for discovery proceedings only." *Hayes v. Corr. Corp. of Am.*, 2011 WL 3962153, at *8 (D. Idaho Sept. 7, 2011) (citing *Invs. Rsch. Co.*, 877 F.2d at 777); *see also Simmons v. Battelle Energy All., LLC*, 2016 WL 1064450, at *1 (D. Idaho Mar. 16, 2016) (a decision "consolidating the two cases for discovery purposes but not for trial").

There are common issues of fact alleged in the three Complaints.  For instance, the Hummels, Michael, and Meg all allege that Crandell abused other students.  (*See* Decl. Counsel Ex. A, at ¶ 54; *id.* Ex. B, at ¶ 38; *id.* Ex. C, at ¶ 25.)  Notably, the Hummels' Complaint contains specific allegations that clearly pertain to I.J.C., the daughter of Michael and Meg.   The Hummels allege that "[o]n March 10, 2022, another parent at Fairmont placed a telephone call to Fairmont Junior High's Principal Ryan regarding his concern that Crandell was communicating with his 14-year-old daughter at odd hours."  (*Id.* Ex. C, at ¶ 28.)  The Hummels further allege that, "[a]ccording to the parent, he personally appeared at Fairmont Junior High on November 11, 2022, and asked to meet with Principal Ryan and Crandell regarding the text message exchanges with a separate student."  (*Id.* Ex. C, at ¶ 29.)  Compare this with Michael's Complaint, where he alleges that, "[o]n or about March 10, 2022, concerned about Crandell's

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO CONSOLIDATE - 9**

inappropriate behavior, [Michael] contacted Defendant Ryan via telephone to express that he was uncomfortable with the relationship between Crandell and I.J.C." (*Id.* Ex. A, at ¶ 20.) Michael further alleges that, "[o]n November 11, 2022, [he] personally appeared at Fairmont Jr. High and asked to meet with Defendant Ryan to, again, address his deepened concern about Crandell's inappropriate communications and behavior with I.J.C. (*Id.* Ex. A, at ¶ 34.) Meg's Complaint contains similar allegations concerning Michael's actions on those same dates. (*See id.* Ex. B, at ¶¶ 27–28.) Thus, it is evident that the Hummels are alleging events that are the same as the allegations in Michael's and Meg's Complaints.

In addition, all three Complaints allege that Crandell was employed by or an agent of Defendant Boise School District and/or Defendant Fairmont Junior High, and that he was supervised by Defendant Ryan. (*See id.* Ex. A, at ¶¶ 12, 16, 87; *id.* Ex. B, at ¶¶ 18, 21, 57; *id.* Ex. C, at ¶¶ 18, 58.) Discovery regarding these relationships is common to all three cases and will likely overlap completely.

Again, litigation in the Hummels' case is relatively early. The deadline for completing discovery in their case is December 31, 2024. (*Id.* Ex. F, at § 6.) This is the same deadline as that for Meg's case, and only about a month after the deadline in Michael's case. (*See id.* Ex. D, at § 6; *id.* Ex. E, at § 6.)

Given the overlap between the factual allegations by the Hummels, Michael, and Meg, the Court should consolidate the Hummels' case with Michael's and Meg's cases for purposes of discovery only.[5] Doing so would economize these cases, as it would reduce duplication of

---

[5] In making this argument, Defendants are not admitting that evidence of Crandell's alleged abuse of I.J.C. (and other students) is discoverable or admissible in the Hummels' case (or vice versa—that evidence of alleged abuse of C.H. is discoverable or admissible in Michael's and Meg's cases). The same goes for evidence of Defendants' alleged knowledge of abuse. Defendants reserve the right to object on the basis that evidence of abuse of other students (or

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO CONSOLIDATE - 10**

discovery efforts. However, given that the Hummels' claims are distinct from those of Michael and Meg (i.e., they concern different minor children), the Court should not consolidate the Hummels' case for trial or for any purposes other than discovery.

## V.    CONCLUSION

For the reasons discussed above, the Court should grant Defendants' Motion to Consolidate.

DATED this _25th_ day of June, 2024.

ANDERSON, JULIAN & HULL LLP

By: _____
    Anne Sullivan Magnelli, Of the Firm
    Zachary H. Jones, Of the Firm
    Attorneys for Defendants

---

Defendants' alleged awareness of such) is inadmissible and not discoverable, including but not limited to an objection that this would constitute propensity evidence prohibited by F.R.E. 404.

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO CONSOLIDATE - 11**

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of June, 2024, I served a true and correct copy of the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO CONSOLIDATE** by delivering the same to each of the following attorneys of record, by the method indicated below, addressed as follows:

Eric S. Rossman
ROSSMAN LAW GROUP
350 N. 9th St., Ste. 500
Boise, Idaho 83702
T: (208) 331-2030
E: erossman@rossmanlaw.com

[ ] U.S. Mail, postage prepaid
[ ] Hand-Delivered
[ ] Overnight Mail
[ ] Facsimile
[ ] E-mail
[X] ECF

*Attorneys for Plaintiffs*

Andrea J. Rosholt
ROSHOLT LAW, PLLC
210 Murray St., Suite B
Garden City, Idaho 83714
T: (208) 901-5198
E: andrea@roshltlaw.com

[ ] U.S. Mail, postage prepaid
[ ] Hand-Delivered
[ ] Overnight Mail
[ ] Facsimile
[ ] E-mail
[X] ECF

*Attorneys for Plaintiffs*

_____
Anne S. Magnelli