Eric S. Rossman, ISB #4573
ROSSMAN LAW GROUP, PLLC
350 N 9th St, Ste 500
Boise, Idaho 83702
Telephone: (208) 331-2030
Facsimile: (208) 947-2424
erossman@rossmanlaw.com

Andrea J. Rosholt, ISB #8895
ROSHOLT LAW, PLLC
210 Murray St., Suite B
Garden City, Idaho 83714
Telephone: (208) 901-5198
andrea@rosholtlaw.com


Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AARON AND AMY HUMMEL, individually, and as natural legal guardians of their minor daughter, CH, | CASE NO. 1:23-cv-00437-DCN |
| Plaintiff, | PLAINTIFF'S RESPONSE TO MOTION TO CONSOLIDATE |
| vs. | |
| BOISE SCHOOL DISTRICT; FAIRMONT JUNIOR HIGH and CHRISTOPHER RYAN, an individual, | |
| Defendants. | |

COMES NOW counsel for Plaintiffs Aaron and Amy Hummel, individually and on behalf

of C.H. and provides the following response to Defendants' Motion to Consolidate, dated June 25,

2024 (Dkt 24).

PLAINTIFF'S RESPONSE TO MOTION TO CONSOLIDATE - 1

As set forth in Defendant's memorandum (Dkt. 24-1) there is currently pending before the Court three (3) cases involving the Boise School District ("District") and Christopher Ryan ("Ryan") related to deceased social worker Scott Crandall.  A case brought by Michael Champine on behalf of Mr. Champine and his shared minor daughter IC (Docket No. 1:23-CV-00338-DCN); a case brought by Meg Champine on behalf of Ms. Champine and her shared minor daughter IC (Docket No. 1:23-CV-436-BLW) and the above-referenced action brought by Amy and Aaron Hummel and their minor daughter CH.  By way of Defendants' motions in the above-referenced cases, Defendants seek to consolidate Mr. Champine's case with Ms. Champine's case (collectively the "Proposed Champine Actions") and then to consolidate the Proposed Champine Actions with the Hummel's case (the "Hummel Action") for discovery purposes only.

This response addresses the Defendant's motion to consolidate the actions for discovery purposes only.  Defendants' recitation of the allegations in the Complaint and identification of areas where discovery will overlap in both cases is an accurate recitation.  Similarly, Defendants' identification of the legal standard and flexibility of this Court to order consolidation for discovery purposes is not disputed.  Counsel is not opposed to consolidation of the Hummel Action with the Champine Actions in principle, but seeks further clarification and consultation with the Court to fashion an appropriate order to avoid prejudice to the Hummels in two areas:

First, in the Hummel Action, the parties have just exchanged Initial Disclosures and started discovery.  While the facts may be similar in both cases, they are not identical.  It is not clear from Defendants' motion if Defendants or their agents have been deposed in the Champine Action brought by Mr. Champine or where the parties are with regard to discovery.  Certainly, the Hummels are entitled to depose the Defendants on topics relevant to the specifics of their case and

the facts involving CH and to have their legal counsel question Defendants or their agents.  To the extent that this discovery by oral examination of Defendants has not yet taken place, this might be a moot issue.  However, to the extent discovery has taken place, the Hummels seek entry of an Order preserving their right to depose the District and Defendant Ryan.  Second, as the Defendants identified, the deadline to complete discovery in the Hummel Action is December.  Given that discovery has just started in this case, the Hummels request that if an Order consolidating discovery is entered that the Court adopt the deadlines in the Hummel Action for discovery.

Finally, while discovery between the Hummel Action and the Champine Actions may overlap, discovery will also involve sensitive information about the Hummels and their daughter that should not be shared among the various Plaintiff parties.  To prevent highly personal, intimate and protected information from being shared with the other Plaintiffs in the Champine Actions, the Hummels request that any order granting consolidation involve the modification of  existing protection orders to provide for an Attorneys Eyes Only designation.  If discovery has already taken place, the order should allow a Plaintiff to re-classify certain information as subject to Attorney's Eyes Only to protect personal information about the Hummel parties from disclosure to the parties in the Champine Actions and vice versa.

A hearing on Defendants' motion is requested.

Dated:  July 16, 2024                            Respectfully submitted,

By:   _/s/ Andrea J Rosholt_____
       Andrea J. Rosholt, ISB No. 8895
       ROSHOLT LAW, PLLC
       210 Murray St., Ste. B
       Garden City, ID 83714
       Telephone:  208.901.5198
       andrea@rosholtlaw.com

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I caused to be serve a true copy of the foregoing PLAINTIFF'S

RESPONSE TO MOTION TO CONSOLIDATE by the method indicated below, and addressed

to each of the following:

Anne S. Magnelli
Anderson, Julian & Hull, LLP
250 South Fifth Street, Suite 700
Boise, Idaho 83702

☐ U.S. Mail, Postage Prepaid
☐ Hand Delivered
☐ Overnight Mail
☒ E-mail/ECF:  amagnelli@ajhlaw.com
☐ Facsimile

Dated:  July 16, 2024                    */s/ Andrea J Rosholt*
                                         Andrea J. Rosholt, ISB No. 8895