UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL CHAMPINE,<br>Individually and on behalf of his minor daughter, I.J.C.<br>                    Plaintiff,<br>v.<br><br>CHRIS RYAN, an individual; BOISE SCHOOL DISTRICT; and DOES I-X, individuals and/or entities of unknown origin.<br>                    Defendants. | Case No. 1:23-cv-00338-DCN<br>Case No. 1:23-cv-00436-DCN<br>Case No. 1:23-cv-00437-DCN<br><br>**MEMORANDUM DECISION AND ORDER ON CONSOLIDATION** |
| MEG CHAMPINE,<br>Individually and as natural legal guardian of the Minor Child, IJC,<br>                    Plaintiff,<br>v.<br><br>BOISE SCHOOL DISTRICT; FAIRMONT JUNIOR HIGH; and CHRISTOPHER RYAN, an individual,<br>                    Defendants. | |
| AARON AND AMY HUMMEL,<br>Individually and as natural legal guardians for the Minor Child CH,<br>                    Plaintiff,<br>v.<br><br>BOISE SCHOOL DISTRICT; FAIRMONT JUNIOR HIGH; and CHRISTOPHER RYAN, an individual,<br>                    Defendants. | |

MEMORANDUM DECISION AND ORDER ON CONSOLIDATION - 1

# I. INTRODUCTION

There are three cases that are similar and are subject to Motions to Consolidate by the common Defendants. This Decision addresses the motions in each of the three cases and will be simultaneously docketed in each case. The oldest case is *Michael Champine v. Ryan & Boise School District,* Case No. 1:23-cv-338-DCN, brought by Michael Champine on behalf of his minor daughter. The second case is *Meg Champine v. Boise School District, Fairmont Junior High, and Ryan,* Case No. 1:23-cv-436-DCN,[1] brought by Meg Champine on behalf of her minor daughter. The minor daughter, IJC, is the same person in each case. The third case is *Hummel v. Boise School District, Fairmont Junior High, and Ryan,* Case No. 1:23-cv-437-DCN,[2] brought by Aaron and Amy Hummel on behalf of their minor daughter, CH.[3]

The common defendants in these cases filed motions to consolidate all three cases. Specifically, defendants ask that the two *Champine* cases be consolidated for all purposes and the *Hummel* case be consolidated with the *Champine* cases for discovery only. Plaintiff

---

[1] This case began in front of Magistrate Judge Candy W. Dale (Dkt. 1), but was transferred to Senior District Judge B. Lynn Winmill on February 7, 2024, when the parties failed to consent to Judge Dale's jurisdiction (Dkt. 18). This case was then reassigned to on the undersigned on July 8, 2024, once the Motions to Consolidate were filed.

[2] This case began in front of Magistrate Judge Raymond E. Patricco (Dkt. 1), but was reassigned to Judge Dale on November 29, 2023 (Dkt. 4). The case was transferred to Senior Judge B. Lynn Winmill on February 7, 2024, when the parties failed to consent to Judge Dale's jurisdiction (Dkt. 18). This case was reassigned to the undersigned on July 8, 2024, once the Motions to Consolidate were filed.

[3] Three Motions to Seal—one in each case—were also filed as part of the current motion practice. These motions relate to an exhibit Defendants filed in support of their Motions to Consolidate. The exhibit contains personal information about the minor Plaintiffs and was necessary, at least in part, because Michael Champine's Complaint was filed under seal. Good cause appearing, the three motions are granted. Defendants filed a redacted copy of the document for the public record in each case. For completeness, Defendants shall file an unredacted copy of the document under seal (and it will remain under seal pursuant to this ruling).

MEMORANDUM DECISION AND ORDER ON CONSOLIDATION - 2

Michael Champine, in Case No. 23-cv-338, filed an opposition to consolidation. He also filed a Motion to Intervene in Case No. 23-cv-436 (the Meg Champine case). Dkt. 31.[4]

The Court has reviewed the records and all motions. The Court finds the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds the decisional process would not be significantly aided by oral argument, the Court decides these motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

For the reasons set forth below, the Motions to Consolidate in *Michael Champine v. Ryan & Boise School District*, Case No. 23-cv-338, and *Meg Champine v. Boise School District, et al.*, Case No. 23-cv-436 are GRANTED. Also, for the reasons set forth below, the Motion to Consolidate in *Hummel v. Boise School District, et al.*, Case No. 23-cv-437 with the other cases is DENIED. Finally, Michael Champine's Motion to Intervene in the Meg Champine case is DENIED AS MOOT.

## II. COMMON BACKGROUND

All three cases involve common allegations—that Scott Crandall,[5] a social worker and guidance counselor at Fairmont Junior High School, sexually abused a minor child and that Defendant Chris Ryan, the principal at the school, failed to take appropriate action to preclude the abuse. Michael Champine is IJC's father. Meg Champine is IJC's mother. Michael and Meg are divorced. Each filed an action alleging they have legal custody of

---

[4] Unless otherwise noted, the docket citations in this order refer to the filing number in that specific case only.

[5] Mr. Crandall committed suicide after these allegations came to light.

IJC and that each was bringing an action on their own behalf and on behalf of their daughter.[6] Aaron and Amy Hummel are the parents of CH. They filed an action alleging they were bringing an action on their own behalf and on behalf of CH.

Michael Champine sued Chris Ryan, the Boise School District, and ten John Does. Meg Champine and the Hummels sued Chris Ryan, the Boise School District, and Fairmont Junior High. Meg and the Hummels are represented by the same legal counsel. Michael has his own counsel. All Defendants are represented by the same counsel.

**A. Michael Champine's Complaint (Case No. 23-338, Dkt. 8)**

Michael's Complaint contains the following allegations. IJC attended Fairmont Junior High while she was between the ages of 13 and 14. Scott Crandall provided counseling services for IJC. Crandall engaged in sexually abusive conduct towards IJC. Chris Ryan, the principal at Fairmont, received reports of Crandall's inappropriate or concerning behavior against IJC from several people (including Michael) but failed to take appropriate action. Ryan did not report the conduct as required by law and did not discipline Crandell. On December 12, 2022, the Boise Police Department received an anonymous tip that Crandall was having an inappropriate and possible sexual relationship with IJC. At that point, Ryan told Crandall to stay away from IJC. Five days after the anonymous tip, Crandall committed suicide. Michael's Complaint further alleges that a teacher, Phil Hiller, at Fairmont also sexually abused IJC, and that Ryan and others at the school were aware of this abuse but failed to report it.

---

[6] Michael claims that he has sole legal custody of IJC. Meg claims that she is the natural legal guardian of IJC.

MEMORANDUM DECISION AND ORDER ON CONSOLIDATION - 4

Michael's Complaint contains ten causes of action: (1) Violation of a substantive due process right under 42 U.S.C. § 1983 for failure to prevent the abuse; (2) a *Monell* claim under 42 U.S.C. § 1983 against the Boise School District for acting with deliberate indifference regarding the abuse; (3) negligence per se against Ryan for failing to report the sexual abuse; (4) negligence/recklessness against the District for failing to protect the morals and health of IJC; (5) child abuse against Ryan for allowing the abuse; (6) child abuse against the District for Crandall's acts under a form of respondeat superior; (7) negligent infliction of emotional distress claim by IJC against Ryan and the District; (8) negligent infliction of emotional distress claim by Michael; (9) intentional infliction of emotional distress claim by IJC; and (10) intentional infliction of emotional distress claim by Michael.

**B. Meg Champine's Complaint (Case No. 23-436, Dkt. 1)**

Meg's Complaint contains the following allegations. IJC attended Fairmont Junior High. Towards the end of seventh grade, IJC began exhibiting seizures and had a particularly tough year. Crandall offered to assist IJC with her issues. Crandall engaged in predatory sexually abusive acts towards students, including IJC. Michael reported Crandall to Ryan, as did several other individuals but Ryan failed to take appropriate action. Someone made a complaint to the Boise City Police and the police began an investigation. Crandall committed suicide.

Meg's Complaint contains nine causes of action: (1) Violation of substantive due process rights under 42 U.S.C. § 1983 based on Defendants' deliberate indifference; (2) supervisory liability under 42 U.S.C. § 1983 against Ryan for failing to take appropriate

action; (3) a *Monell* claim under 42 U.S.C. § 1983; (4) a claim under Title IX; (5) direct negligence against the District and School; (6) derivative negligence for Crandell's and Ryan's actions; (7) negligent misrepresentation by failing to document and inform others about the abuse; (8) a negligent infliction of emotional distress claim by Meg and IJC; and (9) an intentional infliction of emotional distress claim by Meg and IJC.

**C. Hummels' Complaint (Case No. 23-437, Dkt. 1)**

The Hummels' Complaint contains similar allegations but involving a different child, CH, who is their daughter. CH began meeting with Crandall when she was in eighth grade at Fairmont Junior High. Crandall engaged in predatory sexually abusive acts towards CH and others.

The Hummels' Complaint contains nine causes of action: (1) Violation of substantive due process rights under 42 U.S.C. § 1983 based on Defendants' deliberate indifference; (2) supervisory liability under 42 U.S.C. § 1983 against Ryan for failing to take appropriate action; (3) a *Monell* claim under 42 U.S.C. § 1983; (4) a claim under Title IX; (5) direct negligence against the District and School; (6) derivative negligence for Crandell's and Ryan's actions; (7) negligent misrepresentation by failing to document and inform others about the abuse; (8) a negligent infliction of emotional distress claim by them and CH; and (9) an intentional infliction of emotional distress claim by them and CH.

### III. LEGAL STANDARD

Federal Courts should construe the Federal Rules of Civil Procedure in such a way as to secure the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Rule 42 of the Federal Rules of Civil Procedure governs

consolidation of actions pending before the Court. Specifically, it states:

> Rule 42.  Consolidation: Separate Trials
>
> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.
>
> (b) Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

The unambiguous language of the Rule, along with caselaw precedent, makes it clear that consolidation is a matter of discretion. It is not mandatory. The district court has broad discretion under this rule to consolidate cases pending in the same district. *Cleveland Bakers and Teamsters Pension Fund v. Lamb Weston Holdings, Inc.,* 2024 WL 4766254 (D. Idaho 2024). When deciding whether to consolidate, a court weighs the potential for increased efficiency against any inconvenience, delay, or expense consolidation would cause. *Does v. BSA*, 2017 WL 5571572, at *1 (D. Idaho Nov. 20, 2017). The moving party bears the burden of establishing that the judicial economy and convenience benefits of consolidation outweigh any prejudice. *Idaho Wool Growers Assoc. v. Schafer,* 2009 WL 73738 (D. Idaho 2009).

## IV. DISCUSSION

Defendants first seek to combine the two Champine actions into one action. They argue that consolidating these two cases would avoid needless duplication of efforts by all parties involved, as well as eliminate the risk of inconsistent verdicts or a double recovery

on behalf of IJC. Meg Champine does not oppose the consolidation.[7] Dkt. 29. Michael does object to consolidation, claiming he is the only parent that has legal rights on behalf of IJC. Dkt. 28. He argues that keeping the three cases separate is the only way to ensure a fair and just outcome for IJC. The Court disagrees, as far as the Michael Champine and Meg Champine cases are concerned.

The Court finds that both Champine lawsuits involve identical questions of law and fact as far as the minor child is concerned. The interests of justice require that IJC's claims be heard collectively whether brought by her father or her mother. There will be some difference between the claims of the father and the claims of the mother, but the child's claims will be the same in both cases. Both actions stem from the conduct of Crandall towards IJC, involve the same allegations of sexual abuse and the same parties (except for Meg's inclusion of the School). Under Federal Rule of Civil Procedure 42(a), the Court has discretion to consolidate these two cases.

The Court also concludes consolidating the two *Champine* cases is appropriate for several reasons. Consolidation increases judicial efficiency because common legal and factual determinations can be decided once rather than twice. Consolidation will decrease each party's costs by limiting litigation to one case. The Court will grant the motion to consolidate the two *Champine* cases. Michael Champine's case, as the oldest case will be the lead case.

---

[7] Meg does ask that her counsel be allowed to take Defendants' depositions if they have already been taken in Michael's case. The Court will rule upon this request only if presented in a formal motion and if depositions have already occurred in Michael's case.

Next, Defendants seek to consolidate the *Hummel* case with the combined *Champine* cases. This consolidation is opposed only by Michael Champine, not by the Hummels. Consolidation is not warranted here. To be sure, these cases bear some similarities. Both involve claims that Crandell sexually abused a female student, that the principal knew this but failed to take action, and that the school district/school bear legal responsibility for Crandell's conduct. However, each minor child's claim is based upon her own unique facts and circumstances and depend upon separate evidence pertaining to each of them. Likewise, the claims of the parents are derivative of their daughter's claims and are also based upon each parent's unique facts and circumstances. There is relatively little overlap even though the cases involve common questions of law.

The Court acknowledges that Defendants seek only to consolidate discovery between the Hummel case and the two Champine cases and still seeks a separate trial between the two cases. However, even with limiting the consolidation to discovery, consolidation reduces judicial economy and efficiency. For example, one of the issues that will have to be decided in the *Champine* cases is which parent has the right to control the decision-making in the case. It is not fair or just to hold the *Hummel* case in abeyance while that issue is being addressed through discovery and motions or even through State Court. Likewise, the claims against the principal and the school district will require discovery unique to the facts and circumstances of each girl. The record clearly demonstrates that the factual scenarios differ between the two minors. The motion to consolidate the *Champine* case with the *Hummel* case is denied.

MEMORANDUM DECISION AND ORDER ON CONSOLIDATION - 9

## V. CONCLUSION

The Motion to Consolidate *Michael Champine v. Ryan & Boise School District*, et al., Case No. 23-cv-338, and *Meg Champine v. Boise School District, et al.*, Case No. 23-cv-436 is GRANTED.

The Motion to Consolidate the two *Champine* cases with *Hummel v. Boise School District,* 1:23-cv-437 for purposes of discovery is DENIED.

## VI. ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

1) The Motions to Consolidate the two Champine cases (Case No. 23-338, Dkt. 25; Case No. 23-436, Dkt 23) are GRANTED. *Michael Champine v. Ryan & Boise School District*, Case No. 1:23-cv-338-DCN shall be the lead case.

2) The Motion to Consolidate the Champine cases with the Hummel case (Case No. 23-437, Dkt. 24) is DENIED. That case shall continue as a separate and distinct case.

3) The Clerk is further ordered that the following two cases: *Michael Champine v. Ryan & Boise School District*, Case No. 23-cv-338 and *Meg Champine v. Boise School District, et al.*, Case No. 23-cv-436, shall be consolidated for all purposes and remain before the Court and in the record as 1:23-cv-338-DCN.

4) The parties in the consolidated case are ordered to submit any and all future filings only in Case No. 1:24-cv-338-DCN.

5) Michael's Motion to Intervene in Meg's case (Case No. 23-436, Dkt. 31) is DENIED as MOOT.

MEMORANDUM DECISION AND ORDER ON CONSOLIDATION - 10

6) The Clerk of the Court is directed to place a signed copy of this order in Case No. 1:23-cv-338-DCN; Case No. 1:23-cv-436-DCN; and Case No. 1:23-cv-437-DCN.

7) Counsel shall meet and confer, no later than February 28, 2024, on a new litigation plan in their respective cases. This means counsel for Michael Champine, counsel for Meg Champine, and counsel for defendants in 1:23-cv-338 shall meet and confer. Counsel for the Hummels and counsel for defendants in 1:23-cv-437 shall meet and confer. The joint litigation plan shall be filed on or before March 7, 2025.

8) The various Motions to Seal (Case No. 23-338, Dkt. 26; Case No. 23-436, Dkt 24, Case No. 25) are GRANTED. Defendants shall file an un-redacted copy of the document which shall remain under seal. The redacted public document stands.

DATED: February 5, 2025

David C. Nye
Chief U.S. District Court Judge